FLORENCE, APPELLEE, *v.* NEW YORK LIFE INS. CO., APPELLANT.

(No. 76-153—Decided November 17, 1976.)

60

[REDACTED]

Roger B. Turrell & Associates Co., L. P. A., and Mr. Roger B. Turrell, for appellee.

Messrs. Taft, Stettinius & Hollister and Mr. Gerald J. Rapien, for appellant.

WILLIAM B. BROWN, J. The issue before this court is whether a contract which guarantees a nonusurious minimum rate of interest, and also promises the payment of additional interest at a rate to be periodically declared by the promissor, "stipulates" a rate of interest within the meaning of R. C. 1343.01 and 1343.03.

R. C. 1343.01, at the time the contract contested in this cause was entered into, provided, in pertinent part:

"The parties to a bond, bill, promissory note or other instrument of writing for the forebearance or payment of money at any future time *may stipulate* therein for the payment of interest upon the amount thereof *at any rate* not exceeding eight per cent per annum payable annually." (Emphasis added.)[1]

---

[1] At the present time, R. C. 1343.01(B) excepts from the usury rate those contracts in which "the original amount of the principal indebtedness stipulated * * *' exceeds, one hundred thousand dollars." R. C. 1343.01(B) also excepts from usury limitations certain contracts secured by stocks, bonds and other securities, instruments secured by mortgages, insured by the federal government or with interest rates limited to three percent above the discount rate on ninety-day commercial paper, and certain contracts calling for payment on demand or in one installment. R. C. 1343.01(A) is essentially the same as former R. C. 1343.01.

R. C. 1343.03 supplements R. C. 1343.01 (now 1343.-01[A]) by providing that "when money becomes due and payable" to judgment creditors or to creditors upon any "instrument of writing" not covered by R. C. 1343.01 and 1343.02, "the creditor is entitled to interest at the rate of six per cent per annum, and no more."

Appellee contends that his New York Life insurance contract does not contain a stipulated rate of interest, as that term is applied in R. C. 1343.01, because any interest *above* the three percent guaranteed minimum is not based on a "stipulated numerical rate, or a stipulated basis for arriving at a numerical rate." He contends further that, since the policy's provision for interest does not comply with R. C. 1343.01, he is due the six percent statutory rate of interest provided by R. C. 1343.03.

Appellee's argument that he deserves six percent interest on his life insurance contract applies only if the contract does not comply with R. C. 1343.01. The "legislative intent" behind R. C. 1343.01 was "merely to regulate the legal rate of interest" (see *New York Trust Co. v. Detroit T. & I. Ry. Co.* [C. A. 6, 1918], 251 F. 514, interpreting an earlier Ohio statute which is a predecessor of R. C. 1343.01), and not to insure equal rates of return on all instruments covered by the statute, as appellee's argument seems to imply. To fall within the terms of R. C. 1343.01, one must merely (1) be a party to an appropriate contract and (2) stipulate *any rate of interest* not exceeding eight percent per annum payable annually.

An insurance policy is an appropriate written instrument under R. C. 1343.01.[2] Appellee, as owner and beneficiary of the policy, is a party to that written instrument.

---

[2]The usury statute is applicable wherever the relation of debtor and creditor is formed by any instrument of writing for payment of money at any future time. *Midwest Properties Co.* v. *Renkel* (1930), 38 Ohio App. 503. An insurance contract is such an instrument of writing. Furthermore, other jurisdictions with statutes similar to R. C. 1343.01 and 1343.03 have held insurance policies to fall within their usury laws. See *Di Leo* v. *United States Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 200 N. E. 2d 405, 9 A. L. R. 3d 1399.

Appellee makes no assertion that he did not understand the terms of the contract when he signed it or that his agreement to the contract was the result of fraud or duress. The policy makes a legally enforceable promise of a three percent minimum interest rate on lump sum death benefits. Since New York Life's promise of a minimum interest rate is legally enforceable, the contract "stipulates" a rate of interest under R. C. 1343.01. Since that stipulated rate does not exceed "eight per cent per annum payable annually," the stipulated interest rate is not usurious.

Given the fact that his contract with New York Life contains a stipulated, nonusurious, minimum rate of interest, appellee's concern for precise measurement of the interest *above* the three percent minimum guaranteed by New York Life is misplaced. It is irrelevant whether that additional interest, as appellee contends, is based on a "stipulated numerical rate or a stipulated basis for arriving at a numerical rate." The enforceable promise of a nonusurious minimum interest rate brings appellee's contract with New York Life within the terms of R. C. 1343.01, and the statutory rate of interest provided by R. C. 1343.03 does not apply to this cause.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.